Peter L. Carr, IV (256104)
Pcarr@siascarr.com
Jason O. Sias (279196)
Jsias@siascarr.com
**SIAS | CARR LLP**
9701 Wilshire Blvd., 10th Fl. #282
Beverly Hills, CA 90212
Telephone:   (310) 400-5890
Facsimile:    (310) 400-5895

Counsel for Plaintiff,
**WILLIAM WOOD**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOOD, individually, | Case No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | 1. **VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, DUE PROCESS DEPRIVATIONS 42 U.S.C. § 1983** |
| THE COUNTY OF LOS ANGELES; DEPUTY HENRY MOLINAR, in his individual and official capacity; DEPUTY YOUNG KIM, in his individual and official capacity; and DOES 1 through 50 inclusive, | |
| Defendants. | 2. **UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983** |

Plaintiff, WILLIAM WOOD, complains of defendants COUNTY OF LOS ANGELES, DEPUTY HENRY MOLINAR, DEPUTY YOUNG KIM and Does 1 through 50, inclusive, as follows:

-1-
PLAINTIFF'S COMPLAINT FOR DAMAGES

# INTRODUCTION

1. This civil rights action seeks general, special, and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the furious and provoked beating of WILLIAM WOOD.

# VENUE AND JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the COUNTY OF LOS ANGELES, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

# PARTIES

3. At all times relevant in this Complaint, Plaintiff, WILLIAM WOOD (hereinafter "PLAINTIFF"), was and is a resident of the State of California, County of Los Angeles.

4. At all times relevant herein, Defendant THE COUNTY OF LOS ANGELES (hereinafter referred to as "COLA") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COLA possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Sheriff's Department (hereinafter referred to as "LASD") and its tactics, methods, practices, customs and usages.

5. At all times mentioned herein and material hereto, defendant DEPUTY HENRY MOLINAR (hereinafter "MOLINAR") engaged in law enforcement as a LASD deputy, and/or civilian employee, agent and representative of Defendant COUNTY OF LOS ANGELES, duly employed as a Sheriff's deputy

by the COUNTY OF LOS ANGELES Sheriff's Department, who acted in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

6. At all times mentioned herein and material hereto, defendant YOUNG KIM (hereinafter "KIM") engaged in law enforcement as a LASD deputy, and/or civilian employee, agent and representative of Defendant COUNTY OF LOS ANGELES, duly employed as a sheriff's deputy by the COUNTY OF LOS ANGELES Sheriff's Department, who acted in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff, WILLIAM WOOD, realleges each and every allegation in paragraphs 1 through 9 of this Complaint with the same force and effect as if fully set forth herein.

10. On or about October 5, 2014, at the Expo Line train station located at the La Cienega and Jefferson Stop, in Los Angeles, California, Mr. Wood was unlawfully detained and searched by defendants MOLINAR and KIM

(hereinafter, collectively as "DEPUTIES").

11. On information and belief, at approximately 6:55 pm, Mr. Wood had not committed any crime as he walked from the train platform to his lawfully parked vehicle in the aforementioned area.

12. The DEPUTIES, who patrolled the area in a marked vehicle, profiled Mr. Wood and, without reasonable suspicion or probable cause to detain or arrest Mr. Wood, pulled their vehicle next to Mr. Wood, exited their vehicle and approached Mr. Wood, demanded that Mr. Wood produce his TAP card and identification, and, inter alia, accused him of trespassing.

13. Mr. Wood provided the DEPUTIES his TAP card, identified his vehicle, and provided his full name, in addition to providing his State Bar of California license, which confirmed his name and stated his bar number.

14. After Deputy MOLINAR returned Mr. Wood's TAP card, Mr. Wood went to his car to put away some of his belongings.

15. As Mr. Wood was putting away his belongings, Deputy MOLINAR made discourteous remarks to Mr. Wood.

16. Given his negative encounter with the DEPUTIES, Mr. Wood decided to take public transportation home and returned to the platform to catch the train.

17. While waiting on the platform, Mr. Wood noticed the DEPUTIES' vehicle parked next to his car.

18. As he descended the stairs from the platform to see what the DEPUTIES were doing, Mr. Wood encountered Deputy KIM at the bottom of the stairs.

19. When Mr. Wood asked Deputy KIM if there was a problem, Deputy KIM informed Mr. Wood there was a warrant for his arrest and proceeded to arrest Mr. Wood.

20. The DEPUTIES placed handcuffs on Mr. Wood so tightly that bruises were left on hiswrists.

21. Deputy MOLINAR searched Mr. Wood's pockets and emptied their

contents on the car hood, including Mr. Wood's wallet, which contained his California issued driver's license, all the while repeatedly calling Mr. Wood a "fucking asshole."

22. The DEPUTIES placed Mr. Wood in the back seat of their marked vehicle.

23. While Mr. Wood was handcuffed in the back seat of the DEPUTIES' vehicle, Deputy MOLINAR referred to Mr. Wood as a "dummy."

24. After holding Mr. Wood in their vehicle for approximately 15 minutes, the DEPUTIES took the handcuffs off of Mr. Wood and remarked that he was lucky that they were not taking him to jail.

25. After the unlawful detention and search, Mr. Wood gathered his belongings and returned to the train platform to go home.

26. DEPUTIES and DOES, individually and as Sheriff deputies, while acting in the course and scope of their employment with COLA, unlawfully detained and searched Mr. Wood without having probable cause to believe that Mr. Wood had committed a crime, or would commit a crime in the future. Moreover, the DEPUTIES and DOES maliciously and knowingly made a false accusation against Mr. Wood as having a warrant for his arrest and used this false accusation as the basis to unlawfully detain and search Mr. Wood.

27. Mr. Wood suffered multiple injuries, including, but not limited to contusions to his wrists and emotional trauma.

## FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, DUE PROCESS DEPRIVATIONS (42 U.S.C. § 1983)
### (By Plaintiff Against All Individual Defendants)

28. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 20 of this Complaint, and by this reference incorporates the same herein and makes each a part thereof.

29. Both prior to and during the time in which DEPUTIES unlawfully detained and searched Mr. Wood, Mr. Wood had not committed any crime nor did the DEPUTIES suspect that Mr. Wood had committed a crime. Nor were the DEPUTIES faced with any circumstances that would have led a reasonable officer to believe that Mr. Wood would commit a crime or that he had committed a crime.

30. Both prior to and during the time in which defendant DEPUTIES unlawfully detained and searched Mr. Wood, Mr. Wood did not consent to his detention nor the search of his person. Moreover, Mr. Wood acted within his legal right to use the Metro station as he is a citizen of the United States of America and a California resident and a patron of the Metro Station.

31. This action at law for money damages arises under Title 42 U.S.C § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the Unites States Constitution.

32. Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting under color of law, the individual Defendants and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

33. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of rights against unreasonable seizures, abuse, battery, due process of law and liberty interests secured thereby, and freedom from groundless criminal accusations.

34. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained degradation, physical injuries anxiety and emotional distress.

35. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered special and general damages in an amount as proved.

36. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

37. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious and deliberate disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

## SECOND CAUSE OF ACTION
## UNLAWFUL CUSTOM AND PRACTICE (42 U.S.C. § 1983)
### (By Plaintiff Against Defendant COLA)

38. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1-30 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

39. Defendant COLA, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant COLA possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LASD and its tactics, methods practices, customs and usages.

40. At all times herein mentioned, Defendants and each of them, were employees acting under the COLA and LASD's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and

suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace deputies who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace deputies in the employment of the COLA.

41. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant COLA and LASD include, but are not limited to:

   a. Defendant COLA and LASD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by LASD employees, including the individual defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to insure public safety, protection of citizens rights and the Plaintiffs liberty interests;

   b. Defendant COLA and LASD refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

   c. Defendant COLA and LASD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by COLA and LASD employees;

   d. Defendant COLA and LASD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other COLA and LASD employees;

   e. Defendant COLA and LASD covered up acts of misconduct and abuse by COLA and LASD employees and sanctioned a code of silence by and

among LASD deputies;

  f. Defendant COLA and LASD failed to adequately supervise the actions of employees under its control;

  g. Defendant COLA and LASD condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the COLA and LASD employees from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

  h. Defendant COLA and LASD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

  i. Defendant COLA and LASD tacitly condones and encourages use of excess force on citizens;

  j. Defendant COLA and LASD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by October 5, 2014, and thereafter, represented the unconstitutional policies, practices and customs of the COLA and LASD.

42. By reason of the aforesaid policies, customs, practices and usages, Plaintiffs First, Fourth and Fourteenth Amendments to the United States Constitution were violated.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

1. For compensatory (or general) damages in an amount to be proven at trial;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For prejudgment interest;

4. For an award of general and special damages in the amount to be proven at trial;

5. For reasonable costs of this suit incurred herein;

6. For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and costs as provided by law;

7. For such further other relief as the Court may deem just, proper and appropriate.

Dated:, October 4, 2016

                                            **SIAS | CARR LLP**
                                            Respectfully Submitted By:

                                            _____*/s/ Peter L. Carr, IV*_____
                                            PETER L. CARR, IV
                                            Attorneys for Plaintiff,
                                            WILLIAM WOOD

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated:, 2016

                                            **SIAS | CARR, LLP**
                                            Respectfully Submitted By:

                                            _____*/s/ Jason O. Sias*_____

|   |   |
|---|---|
| 1 |   |
| 2 | PETER L. CARR, IV |
| 3 | Attorneys for Plaintiff, |
|   | WILLIAM WOOD |

-11-
PLAINTIFF'S COMPLAINT FOR DAMAGES