PAUL B. BEACH, State Bar No. 166265
DENNIS M. GONZALES, State Bar No. 59414
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
ARNOLD F. LEE, State Bar No. 278610
alee@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Deputy Henry Molinar,
and Deputy Young Kim

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WOOD, individually, | Case No. 2:16-cv-07451 DMG (JPRx) |
| Plaintiff, | Honorable Jean P. Rosenbluth |
| vs. | **ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS** |
| THE COUNTY OF LOS ANGELES; DEPUTY HENRY MOLINAR, in his individual and official capacity; DEPUTY YOUNG KIM, in his individual and official capacity; and DOES 1 through 50 inclusive, | |
| Defendants. | |

Having reviewed and considered the Parties' Stipulation for Protective Order Governing Confidential Materials, good cause showing therein, IT IS SO ORDERED:

1. <u>Plaintiff</u>. Plaintiff is William Wood (hereinafter "Plaintiff").

2. <u>Defendants</u>. Defendants are County of Los Angeles, Henry Molinar, and Young Kim (hereinafter "Defendants") (Plaintiff and Defendants are collectively referred to hereinafter as "the Parties").

1

3. <u>Disclosing Party.</u>  Disclosing Party shall refer to Defendant County of Los Angeles.

4. <u>Receiving Party.</u>  The Receiving Party are Plaintiff and his agents as set forth in Paragraph Nos. 17 and 18 of this Protective Order.

5. <u>Good Cause Statement and Confidential Materials.</u>  Defendants anticipate that during discovery in this action they will produce documents, items, or materials and other information that Defendants contend contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality.  Defendants contend that these documents and/or writings are protected by the Official Information Privilege, the right to privacy guaranteed in the Federal Constitution, the First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.   This will be accomplished by affixing to the confidential portions of such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents and writings so designated, hereinafter, collectively "Confidential Information", shall be treated in accordance with the terms of this stipulation/protective order.  Documents, writings, and things to be designated may include the following:

    a) Any material relating to or regarding the personnel files and/or records of any employee or former employee of the Los Angeles County Sheriff's Department ("LASD");

    b) Any material relating to any personnel investigations conducted by the LASD or other law enforcement agency regarding any member or former member of the LASD;

    c) Any material relating to incidents involving Plaintiff containing sensitive and private information regarding third parties; and

2

          d)      Investigations by the Los Angeles Sheriff's Department relating or regarding Docket #15-1121335*001.

     6.    <u>Interests In Favor Of Protective Order.</u>  This Order is warranted to expedite discovery, while maintaining confidential and private information of Defendants and third parties, and Defendants contend it is necessary to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.  Further, Defendants contend disclosure of such information without a protective order may compromise the safety of Defendants and third parties.

     7.    <u>Stipulation.</u>  The Parties are entering into this Stipulation for Protective Order to protect against improper disclosure or risk of circumvention of law that might result from any party disclosing sensitive and confidential information as described in this Order. To informally resolve this discovery matter, the Parties have agreed to this Stipulation for Protective Order that carefully limits the use and dissemination of the Confidential Information.

     8.    <u>Confidential Information.</u>  This Protective Order shall apply to all designated Confidential Information produced by Disclosing Party to the Receiving Party.  The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Disclosing Party in this matter; originals and copies of relevant documents responsive to requests for production of documents obtained from the Disclosing Party in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

     9.    <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information must remain in a location that is protected to prevent unauthorized

persons such as unauthorized employees of counsel, cleaning personnel, etc. from accessing the Confidential Information (e.g. any digital files containing the Confidential Information shall be password protected and/or hard copies of files shall be stored in file cabinets that only authorized individuals can access). Alternately stated, the Confidential Information shall not, under any circumstances, be left in an open or unsecured location.

10. <u>Confidential Information Legend.</u> All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect. Such stamps shall not obscure any portion of the document.

11. <u>Challenging Confidentiality Designations</u>:

    i. *<u>Timing of Challenges</u>*: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    ii. *<u>Meet and Confer</u>*: The Challenging Party – a party or non-party that challenges the designation of information or items under this Order – shall initiate the dispute resolution process under Local Rule 37.1 et seq. Unless the Disclosing Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Disclosing Party's designation until the Court rules on the challenge.

    iii. *<u>Judicial Intervention</u>*: In the event that the Parties cannot resolve a the dispute, the Parties shall comply with Civil Local Rules 37-2 *et seq.*, 37-3, and 37-4 to seek judicial intervention.

12. <u>Limitation Of Use Of Confidential Information.</u> Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Any such

4

disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 15 and 16 of this Protective Order.

13. <u>Testimony Regarding The Confidential Information.</u>  In the case of depositions, any party acting in good faith may designate all or any portion of the deposition testimony given in this litigation as Confidential Information orally during the deposition.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

14. <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the Receiving Party who has obtained inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Receiving Party has already disseminated the Confidential Information to any person, the Receiving Party will notify all such persons the information was disseminated to the Confidential Information in writing of the need to return such Confidential Information and not to further disseminate it.  This provision applies to any and all Confidential Information produced to the Receiving Party.

15. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u>  The confidentiality of the Confidential Information received from Defendants during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this

action entitled. Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications. The Receiving Party is prohibited from placing any of the Confidential Information on the Internet absent a court order so allowing.

16. <u>Court Filings.</u> If necessary in the judgment of attorneys for the Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth Circuit Rule 27-13. The Receiving Party will inform the Court and Parties of any Confidential Information it intends to present during trial so appropriate measure may be considered by the Court that may be necessary to protect the Confidential Information. The Receiving Party's presentation of Confidential Information during trial will not require compliance with the written consent as set forth in Paragraph No. 18 below, and comply with the provisions of that section.

17. <u>Other Persons Authorized To Review Confidential Information.</u> The Receiving Party's attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order. Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information. Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 18 below, and comply with the provisions of that section. The Parties' attorneys may review the Confidential Information with the Parties they represent.

18. <u>Applicability Of Order To Other Persons.</u> Prior to the disclosure of

WOOD\Order - Stipulation for Protective Order

any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

> "I, _____, declare under penalty
> of perjury that I am fully familiar with the terms of the
> Stipulated Protective Order entered in this action and hereby
> agree to comply with and be bound by the terms and conditions
> of the said Order with respect to the handling, use and
> disclosure of each Confidential Document. I understand that I
> may be subject to penalties for contempt of Court if I violate
> this Order and hereby consent to the jurisdiction of said Court
> for purposes of enforcing this Order.
> Dated: _____ /s/_____"

This written requirement applies to, but is not limited to, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal. Counsel for the Receiving Party shall insure that their office staff, including, but not limited to, paralegals and secretaries, shall be made aware of their obligations under this protective order.

19. <u>No waiver of objections.</u> Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other

7
WOOD\Order - Stipulation for Protective Order

information that is subject to this Order. Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F.2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

20. <u>Subpoena for Confidential Information.</u> In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party. The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production or the Disclosing Party's written permission. Nothing in this order is intended to authorize a party to disobey a court order or other Legal process.

21. Modification. For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court. No such modification will have the force or effect of a court order absent the Court's approval.

22. <u>Return of Confidential Information.</u> No more than 30 calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall make available for pickup copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 18 of this Order. Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall destroy all such material and material derived therefrom within 30 calendar

8

days after the conclusion of this case.

Additionally, within 30 calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.  This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

23.  <u>Survivability Of This Protective Order.</u>  This Stipulation and Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.

DATED: May 17, 2017

_____
Honorable Jean P. Rosenbluth
United States Magistrate Judge